# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMIE LEE COLE,<br><br>    Plaintiff,<br><br>vs.<br><br>IOWA ATTORNEY GENERAL, JOHN BERNAU, DR. GREGORY KELLER,<br><br>    Defendants. | No. C14-0023-LRR<br><br>INITIAL REVIEW ORDER |

___

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on February 20, 2014. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint.

## *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Based on the plaintiff's application to proceed in forma pauperis, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his statements, the court finds that the plaintiff is unable to pay an initial partial filing fee. *Id*. Nevertheless, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, although the plaintiff will not be required to submit an initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which

relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. CLAIMS ASSERTED

The plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to his state cases and confinement at the Iowa Medical and Classification Center. Jurisdiction appears to be predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as some of the events giving rise to the instant action occurred in this district and at least one defendant is located in this district.

As to the plaintiff's specific claims, the plaintiff states that John Bernau failed to have the court set hearings in his state post-conviction relief proceedings and the Iowa Attorney General failed to ensure the Delaware County Prosecutor and the Iowa District Court for Delaware County set the hearings in his state post-conviction relief proceedings. Consequently, the plaintiff maintains that he has been wrongfully imprisoned past his discharge date of January 4, 2014. As to Dr. Gregory Keller, the plaintiff contends that, even though he has done everything he can to get security personnel and psychiatry personnel to understand certain information that he provided, Dr. Gregory Keller told him

3

today that he should be medicated and that he may need to be civilly committed. He feels that Dr. Gregory Keller indirectly threatened him and that he should not be held in mental health status since he has been report free for over one year. As relief, the plaintiff states that he wants the court: (1) to direct the courts of Iowa to proceed with his cases and to alter his sentences so that they reflect what Dave Baumgartner promised him; (2) to direct the defendants to pay him for his wrongful imprisonment since January 4, 2014; and (3) to direct psychiatry staff to place him in mental health status only when he threatens to hurt himself or others and to refrain from segregating him from the general population because he has not been aggressive since March of 2013.

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Congress enacted 42 U.S.C. § 1983 to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C.

§ 1983; *see also Albright*, 510 U.S. at 271 (stating that 42 U.S.C. § 1983 "merely provides 'a method for vindicating federal rights elsewhere conferred'" (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979))); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) (stating that "Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) "the violation of a right secured by the Constitution or laws of the United States", and (2) the alleged deprivation of that right "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. For the most part, the plaintiff is challenging the execution of his state sentences, not the conditions of his confinement, and, therefore, he can only bring this action as a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a writ of habeas corpus in the only federal remedy available if a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release). Stated differently, the plaintiff's challenge cannot be brought in an action under 42 U.S.C. § 1983 because he would necessarily have to demonstrate the invalidity of his confinement to successfully obtain relief. And, because nothing indicates that he is serving an invalid sentence, the plaintiff is unable to obtain damages. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (clarifying that a cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus").

Further, the Eleventh Amendment bars any claim for monetary damages against the Iowa Attorney General. *See Hopkins v. Saunders*, 199 F.3d 968 (8th Cir. 1999) (stating

that an attorney general is immune from suit for monetary damages). And, the plaintiff fails to allege that the Iowa Attorney General was personally involved with or had direct responsibility for the decision(s) that resulted in harm to him. *See Gully v. Maynard*, 218 Fed. Appx. 551, 552 (8th Cir. 2007) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)); *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (requiring personal involvement or responsibility for a constitutional violation). Consequently, the plaintiff failed to state a claim upon which relief can be granted and the plaintiff's action against the Iowa Attorney General shall be dismissed.[1]

With respect to John Bernau, a prosecutor is immune from civil rights claims that are based on actions taken in the performance of his prosecutorial duties. *See Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)); *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992). Here, it is clear that John Bernau presented the state's cases and that his conduct is intimately associated with the performance of his official duties. Accordingly, the plaintiff's action against John Bernau shall be dismissed for failing to state a claim upon which relief can be granted.

In addition, to the extent that the plaintiff is complaining about Dave Baumgartner, a private attorney, even when appointed by the court, ordinarily does not act under color of state law for purposes of filing an action under 42 U.S.C. § 1983, *see Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994), or as a federal agent for purposes of filing a *Bivens* action, *see Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984). Stated differently, a federal suit generally does not arise for actions that an attorney (privately retained, court-appointed or defender of the public) takes during the course of

---

[1] The court notes that the plaintiff's contention regarding the length of time it has taken to address his state post-conviction relief proceedings is really an assertion against the Iowa District Court for Delaware County, but such entity also possesses Eleventh Amendment immunity. *See Harris v. Mo. Court of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986) (state courts possess Eleventh Amendment immunity from § 1983 suit).

representing a criminal defendant. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Haley*, 751 F.2d at 285. Consequently, Dave Baumgartner's purely private actions afford no basis for federal jurisdiction and the plaintiff's claim, if any, against Dave Baumgartner is without merit. Accordingly, the plaintiff's action against Dave Baumgartner shall be dismissed for failing to state a claim upon which relief can be granted.[2]

Concerning Dr. Gregory Keller, the plaintiff fails to state a claim upon which relief can be granted because treatment providers are well within their rights to alter treatment plans. The plaintiff merely complains about being placed in mental health status and for treatment decisions that were made to benefit him. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing case as frivolous because "[n]either differences of opinion nor medical malpractice state an actionable Constitutional violation"); *see also Williams v. Kelso*, 201 F.3d 1060, 1065 (8th Cir. 2000) ("[T]he law requires that [the] plaintiff make a showing of subjective awareness by the prison officials of a "substantial risk" of "serious harm" . . . in order to establish [a viable] cause of action."). Accordingly, the plaintiff's action against Dr. Gregory Keller shall be dismissed for failing to state a claim upon which relief can be granted.[3]

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal

---

[2] The court already addressed this particular claim in another case. *See Cole v. Baldwin*, Case No. 3:14-cv-3007-DEO (N.D. Iowa 2014). Consequently, the plaintiff is not able to reassert it here.

[3] The court already addressed this particular claim in another case. *See Cole v. Baldwin*, Case No. 3:14-cv-3007-DEO (N.D. Iowa 2014). Consequently, the plaintiff is not able to reassert it here.

of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff need not submit an initial partial filing fee. Nevertheless, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(4) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(5) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(6) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 27th day of February, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
Iowa Medical and Classification Center, Coralville, Iowa

**NOTICE OF COLLECTION OF FILING FEE**

You are hereby given notice that Jamie Lee Cole, #6809137, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Cole v. Iowa Attorney General et al.*, Case No. C14-0023-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has not assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless,

> the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*K Jorgensen*   Deputy Clerk
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa